# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:08-cr-115 |
| ARTHUR HOMER JACKSON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT ARTHUR JACKSON'S MOTION FOR RECONSIDERATION OF THE COURT'S TENTATIVE FINDINGS AND RULINGS (Document No. 45), which was filed on April 1, 2009. Because the sentencing hearing is scheduled for April 3, 2009, this Memorandum Order is being issued without the benefit of a direct response from the government. However, the Court notes that subsequent to the Court's Tentative Findings and Rulings, the government filed the United States Response to Defendant's Statement of Position on Sentencing Factors (Document No. 46).

On December 22, 2008, Jackson pled guilty to a one-count indictment at Criminal No. 08-115, which charged him with possession of a firearm by a convicted felon on or about August 14, 2007 in violation of 18 U.S.C. § 922(g)(1). A Presentence Investigation Report ("PSI") was prepared by the Probation Office on February 19, 2009. Defendant raised two legal objections to the PSI: (1) that his base offense level is overstated because his prior convictions for "recklessly endangering another person" ("REAP") pursuant to 18 Pa.C.S.A. § 2705 and for indecent assault pursuant to 18 Pa. C.S.A. § 3126 do not qualify as "crimes of violence"; and (2) that the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) for "an altered or obliterated serial number"

does not apply. On March 31, 2009, the Court issued Tentative Findings and Rulings which denied these objections.

Motions for reconsideration are not a substitute for direct appeal. Rather, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). Defendant Jackson does not point to any of these grounds. Instead, it appears that he simply disagrees with this Court's conclusion that recklessly endangering another person ("REAP") continues to be a "crime of violence" despite the Supreme Court's decision in *Begay v. United States*, 128 S. Ct. 1581 (2008).

The Court adheres to the analysis in its Tentative Findings and Rulings. In particular, *United States v. Parson*, 955 F.2d 858 (3d Cir. 1992) (holding that REAP is categorically a crime of violence), remains good law as the Third Circuit has continued to rely on *Parson* post-*Begay*. As the government points out, even though the subsequent decisions did not explicitly cite *Begay*, judges are presumed to know the law and to apply it in making their decisions. This Court is bound to follow *Parson*.

The Court also adheres to its alternative rationale that Jackson's REAP convictions resulting from dangerous car chases constitute crimes of violence even if *Parson* is no longer good law. In *United States v. Siegel*, 477 F.3d 87, 90 (3d Cir. 2007), the Court of Appeals explained that a sentencing court may consider the underlying offense conduct if the statute of conviction covers a broader range of conduct than would fit within the Guidelines definition. *See also United States v. West*, 550 F.3d 952, 960 (10th Cir. 2008) (applying *Begay*). *Begay* suggests an inquiry to

determine whether Jackson's conduct was "purposeful, violent and aggressive." *See, e.g., United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) (remanding for consideration of whether failure to stop at police command was negligent or purposeful).

In accordance with *Siegel*, the Court relied on the description of the car chases set forth in ¶¶ 34 and 39 of the PSI, to which Jackson had not objected. 477 F.3d at 93. In his Motion for Reconsideration Jackson now purports to object to the facts set forth in the PSI, although he does not specify how those facts may be inaccurate. *See* Fed. R. Crim. P. 32(f)(1) (objections to PSI must be made within 14 days); *United States v. Morales-Aponte*, 229 Fed. Appx. 69, 72 (3d Cir. 2007) (unpublished) (untimely and/or rhetorical objection to fact in PSI does not change its "undisputed" status). In any event, this objection is unavailing. As the Court specifically noted in its Tentative Findings: "In accordance with *Shepard v. United States*, 544 U.S. 13, 16-17 (2005), the Court has also reviewed the available state court charging documents and criminal complaint." For clarification of the record, these documents are attached as Exhibit A to this Memorandum Order. In sum, there is determinative evidence that Jackson's REAP convictions were "crimes of violence."

Defendant does not seek reconsideration of the Tentative Findings and Rulings as to the obliterated serial number on the gun. The sentencing hearing will proceed as scheduled on April 3, 2009 at 10:00 a.m.

So **ORDERED** this 2nd day of April, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Craig Haller, AUSA
Email: craig.haller@usdoj.gov

Jay Finkelstein
Email: jay_finkelstein@fd.org